Swain, J

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**FOLEY SQUARE**
**CASE NO.: 1:09-CV-1730-LTS**

ACCESS 4 ALL, INC., a Florida Non Profit Corporation, and NELSON M. STERN, Individually,

Plaintiffs,

v.

WALES HOTEL PARTNERS, L.L.C., a Delaware Limited Liability Company,

Defendant.

______________________________________/

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 04 JAN 2010

**FINAL ORDER APPROVING AND ENTERING CONSENT DECREE AND DISMISSING CASE**

THIS CAUSE came before the Court on the Stipulation For Approval and Entry of a Consent Decree and Dismissal of the Case, and the Court having reviewed the pleadings and papers filed in this cause, and the Stipulation for Approval and Entry of Consent Decree and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that:

1. The Consent Decree, in the form annexed hereto, is APPROVED and ENTERED, with the Court retaining jurisdiction over this matter for the purpose of enforcement of the Consent Decree;
2. The above-styled cause be and the same is hereby DISMISSED with prejudice;
3. To the extent not otherwise disposed of herein, all pending motions are hereby DENIED or moot and the case is closed.

DONE AND ORDERED in Chambers at New York, NY, this 4th day of January, ~~2009~~ 2010

______________________________
UNITED STATES DISTRICT JUDGE

Swain 10

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
FOLEY SQUARE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04 JAN 2010

ACCESS 4 ALL, INC., a Florida Non-Profit Corporation, and NELSON M. STERN, Individually,

Plaintiffs,

CASE NO.: 1:09-CV-1730-LTS

v.

WALES HOTEL PARTNERS, L.L.C., a Delaware Limited Liability Company,

Defendant.




## CONSENT DECREE

This Consent Decree is entered into by and between ACCESS 4 ALL, INC., a Florida Non Profit Corporation, and NELSON M. STERN, Individually, hereinafter sometimes referred to as "Plaintiffs," and WALES HOTEL PARTNERS, L.L.C., a Delaware Limited Liability Company, hereinafter sometimes referred to as "Defendant," on the date last executed below.

WHEREAS: The Defendant's property is known as **Hotel Wales** and is located at **1295 Madison Ave., New York, NY 10128**. Plaintiffs claim that there are architectural barriers existing at the Defendant's property that constitute violations of the Americans With Disabilities Act that unlawfully limit the Plaintiffs' use of the property. Defendant does not admit the allegations of the Plaintiffs' Complaint, but recognizes that the Plaintiffs might prevail and receive some of the relief requested on the merit of their claim. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order Approving and Entering the Consent Decree.

1. All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the re-inspection date set forth below, unless a different completion date is otherwise stated herein. A final property re-inspection conducted by Plaintiffs will take place on or after **July 1, 2010,** to ensure that the modifications to the subject property required below for barrier removal have been completed. Plaintiffs' counsel, expert(s) and/or representatives shall be provided access to the building to conduct a re-inspection and to verify commencement, progress and completion of the work required hereby. In any

event, Defendant or its counsel, shall notify Plaintiffs counsel by Certified Return Receipt Mail when all improvements contemplated herein are completed. In the event of non-compliance with the terms and conditions of this agreement, Plaintiffs shall be entitled to immediate injunctive relief.

2. Defendant shall pay Plaintiffs' counsel, Fuller, Fuller &Associates, P.A., and Nelson M. Stern, Esquire, for Plaintiffs' attorneys' fees, litigation expenses and expert fees, and costs incurred in this matter. The amount to be paid shall be **$15,000** payable by check to **Fuller, Fuller & Associates, P.A.**, on or before **December 7, 2009.**

3. When all issues are resolved between the parties, the parties hereby agree and will request the Court to approve and enter the Consent Decree, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this Decree.

4. In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorneys' fees, costs and expert fees.

5. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

6. The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

7. Upon the Court's approval of this Consent Decree and upon the Defendant's full compliance with the terms and conditions of this Consent Decree, Plaintiffs hereby release and discharge Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which it has had arising under the Americans With Disabilities Act as to this property, Hotel Wales.

8. All references to the ADAAG refer to the following: 28 CFR Chapter 1 Part 36, App. A. (7-1-98 edition) - ADAAG

9. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG. All references to figures in the paragraphs below refer to those that accompany the

ADAAG and that more fully describe the considered full compliance with the ADA.

10. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

11. The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

12. WALES HOTEL PARTNERS, L.L.C. shall complete all modifications and submit to Plaintiffs' counsel a report summarizing the actions it has taken pursuant to this Consent Decree by **June 15, 2010.**

The Defendant agrees to correct by no later than **June 15, 2010,** the ADA violations referred to in the report of A.D.A. Investigations, Inc., dated September 4, 2009. Notwithstanding said report, it is hereby specifically agreed that a portable temporary ramp will suffice at both the entrance to the Hotel, and the entrance to roof top deck; that there will not be railings extended for twelve inches past the bottom steps on all of the steps throughout the Hotel or a double railing installed on all of the steps throughout the Hotel; that there will not be a second stairwell added to the premises; a portable desk, not a permanent desk, in the lobby will suffice; that the toilet will not be moved but a grab-bar extension will be installed; there will not be permanent benches; and that there will be 2 ADA guestrooms.

13. The Defendant agrees to modify the property as follows:

## ACCESSIBLE ROUTE

### A. THERE SHALL BE AN ACCESSIBLE ROUTE THROUGHOUT THE FACILITY.

4.3.2, 4.3.3, 4.3.6, 4.3.7, 4.3.8, 4.3.9, 4.5, 4.7, 4.8, 4.30, 4.4, 4.5, 4.6 et seq., 4.1, 4.2, 4.3, Figures 1 - 8

The Defendant shall provide access onto the site, and provide an accessible entrance with a portable ramp to the hotel and to Sarabeth's per sections 4.2, 4.9, 4.26 & fig. 19; however, the handrails shall not be extended for twelve inches past the bottom stair due to the configuration of the Hotel, and there will not be double handrails installed throughout the Hotel, again, due to the configuration of the Hotel.

The Defendant shall provide an accessible bell, intercom, communication device outside the hotel so that a person using a wheelchair can apprise staff to bring out a ramp for access into the hotel.

**ACCESSIBLE COUNTER**

**B. THERE SHALL BE AN ACCESSIBLE FRONT DESK COUNTER.**

The Defendant shall provide an accessible, portable front desk counter pursuant to 7.2. Defendant shall provide a TTY at the front desk and on the hotel's website. §36.303, §1193.41.

**PUBLIC RESTROOMS**

**C. THE DEFENDANT'S PUBLIC RESTROOMS SHALL BE ACCESSIBLE TO THE DISABLED.**

4.13.5, 4.13.6, 4.13.7, 4.13., 4.27, 4.19.2, Figure 31, 4.17.6, 4.23.4, 4.19.4, 4.2.5, 4.18, 4.23.5, 4.23.6, 4.19.6, Figure 38, 4.17.3, 4.17.5, 4.16, Figure 28 and 29a, Figure 29b, 4.17, et seq., 4.18, et seq., 4.19, et seq., Figures 30, 31, 32, 4.26, et seq.

The Defendant agrees to corrections necessary to bring the restrooms into compliance with the ADA.

All restrooms shall have accessible mirrors, grab bars, dispensers, sinks with lever handles and insulation, and disabled toilet(s) at the proper height.

The Defendant shall post accessible signage on both toilet room entry doors per 4.30 of the ADAAG; §36.304. In addition, Defendant shall do the following to make its public restrooms accessible:

1. Replace door hardware with hardware that is easy to grasp with one hand and does not require tight grasping, tight pinching, or twisting of the wrist to operate. Lower lock and replace with hardware that is easy to grasp with one hand and does not require tight grasping, tight pinching, or twisting of the wrist to operate per 4.13, 4.27 and figs. 5 & 6 of the ADAAG. §36.304.

2. Wrap the pipe underneath the lavatory per 4.19 of the ADAAG.

3. Reposition the grab to comply with section 4.16 and fig. 29 of the ADAAG.

4. Provide an alarm in each of the enclosed toilet stalls per section 4.28 of the ADAAG; §36.304.

For the restrooms on the 2nd floor, Defendant shall do the following:

1. Install grab bars and fire alarm. Replace doors with swinging doors. Mount signage. Sections 4.13, 4.16, 4.28, 4.30, figs. 25, 28 & 604.2 of the ADAAG. §36.304.

2. Install grab bars and fire alarms. Instead of installing fire alarms in the accessible toilet rooms, Defendant may cut a portion of the door so that the alarm can be seen in the accessible toilet room.

3. Replace doors with swinging doors.

4. Mount signage.

D. **THE DEFENDANT'S GUEST ROOMS SHALL BE ACCESSIBLE TO THE DISABLED.**

9.1, et seq. 4.29 and 4.28 *et seq.*

The Defendant has a total of **89** guest rooms in its facility. Pursuant to ADAAG 9.1.2, two **(2)** guest rooms must be fully accessible, one of which shall have a roll in shower. Additionally, pursuant to ADAAG 9.1.3, additional rooms for the hearing impaired shall be provided in the number outlined in the chart set forth in ADAAG 9.1.3, and shall include visual alarms, notification devices, and telephones that meet the requirements of ADAAG 9.3.1, or alternatively, the Defendant can provide equivalent facilitation that includes the installation of electric outlets (including outlets connected to the facility's central alarm system.) and telephone wiring in sleeping rooms and suites to enable persons with hearing impairments to utilize portable visual alarms and communication devices provided by the operator at the facility. The Defendant shall reconfigure its fully accessible guest rooms to be accessible not only as to toilet and bathroom facilities but additionally as to path of travel in the room, accessible counter space, accessible tables and closet space. The Defendant will ensure that lighting controls and air conditioning controls are reachable pursuant to the ADAAG and that visual alarms for both telephones and fire/smoke warnings are installed, as well as notification devices, in the number of rooms mandated by ADAAG 9.1.3; or, alternatively, provide equivalent facilitation as provided in ADAAG 9.3.2. For the guest rooms, Defendant shall also do the following:

1. Provide permanent signage by the entry door.

2. Lower the shower unit; lower the hook and closet rod.

3. Provide a portable seat in the shower; lower the mirror or install another mirror in the bathroom.

4. Install grab bars.

5. Install a fire alarm in the bathroom.

6. Replace the twist lock on the door with an accessible lock.

7. Keep a 36 in wide path of travel around the sleeping room and to all elements and spaces in the room.

E. **MAINTENANCE OF ACCESSIBLE FEATURES.**

ADAAG 36.211

The Defendant shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Americans with Disabilities Act; notwithstanding same, the Defendant shall not be in default herein in cases where there are isolated or temporary interruptions in service or access due to maintenance or repairs.

F. **POLICIES AND PROCEDURES**

(a) HOTEL WALES shall include a procedure in employee training as well as information about assorted services provided to people with disabilities and how to use them per § 36.302 of the ADAAG.

Defendant shall train staff on check-in procedure, when checking guests with disability such as informing them about what to do in case of a fire, asking if they need an alarm, bench, paddle key, instructions on how to use the close caption on the television, etc. during their stay.

(b) HOTEL WALES shall also train staff to lower all the shower units (once installed), and set up the alarm kits upon check-in of a person with a disability.

(c) HOTEL WALES shall provide the following items in alternative formats so that blind persons and persons with low visions can read them. Alternate formats include Braille, large print, and audio recordings. These items are as follows: Fire-safety information, maximum room rate information, telephone and television information cards, guest services guides, restaurant menus, room service menus and all other printed materials provided for use by guests.

(d) HOTEL WALES shall implement a policy of advising disabled guests of the availability of ADA compliant tub seats.

(e) HOTEL WALES staff shall, upon request provide assistance in completing registration information, service request forms, and shall read hotel bills and other documents to the guests where Braille, tape, or large print documents are not available.

(f) When handing currency to a guest, personnel shall individually identify each bill to the customer while counting.

(g) Credit cards shall be handed to guests after imprinting, not simply laid on a counter or table. HOTEL WALES shall also provide signature templates for use with persons who are visually impaired.

(h) HOTEL WALES personnel shall give verbal descriptions, hands-on demonstrations, and/or provide tactile maps, large-print maps, or recorded materials as aids to way finding for disabled guests.

(i) HOTEL WALES shall modify the company's website so that will allow users with screen reader software and other similar technology to navigate their way through the website by listening to the text.

(j) HOTEL WALES shall develop an evacuation plan that seeks to accommodate people with disabilities in the event of an emergency.

G. **PUBLIC TELEPHONES IN THE FACILITY SHALL BE ACCESSIBLE.**

4.31, et. seq, Figures 43 and 44

The Defendant's public telephones need to be accessible to the wheelchair bound and hearing impaired. The Defendant shall arrange for its public telephones to be modified so that they are accessible including any height adjustments and appropriate volume controls on the telephones.

H. **PATIO.**

Sections 4.3, 4.8, 4.9, 4.13, 4.30, & figs, 7 of the ADAAG. §36.304.

To make the patio accessible, Defendant shall do the following:

a. Have a portable ramp available.

b. Replace door hardware with accessible hardware.

c. Mount permanent signage by the entrance.

I. **DEFENDANT'S NOTICE TO TENANTS.**

In a good faith effort to resolve the dispute in the litigation as to the responsibility to the Defendant landlord to correct the barriers to access and ADA violations in the spaces of tenants Sarabeth's and Paola's restaurants, Plaintiffs have agreed to allow Defendants to notify tenants Sarabeth's and Paola's of the existence of ADA violations and barriers to access, and request that those two tenants place appropriate signage directing patrons of the restaurants to the accessible restrooms in the Wales Hotel.

**[INTENTIONALLY LEFT BLANK]**

**SIGNATURES:**

**Parties:**

**PLAINTIFFS:**

By: ______________________ Date: ______________
Access 4 All, Inc.

By: ______________________ Date: ______________
Nelson M. Stern

**DEFENDANT:**

By: ______________________ Date: ______________
Wales Hotel Partners, L.L.C.

**SIGNATURES:**

**Parties:**

**PLAINTIFFS:**

**By:** ______________________ **Date:** ________________
Access 4 All, Inc.

**By:** ______________________ **Date:** 12/4/09
Nelson M. Stern

**DEFENDANT:**

**By:** ______________________ **Date:** ________________
Wales Hotel Partners, L.L.C.

**SIGNATURES:**

**Parties:**

**PLAINTIFFS:**

**By:** ______________________ **Date:** ______________
**Access 4 All, Inc.**

**By:** ______________________ **Date:** ______________
**Nelson M. Stern**

**DEFENDANT:**

**By:** ______________________ **Date:** 12/3/09
**Wales Hotel Partners, L.L.C.**

**SO ORDERED:**

1/4/2010
**U.S.D.J.**